## BUTLER *v.* INDIAN PROTECTIVE ASSOCIATION.

---

EQUITY; COURT OF CLAIMS; COLLATERAL ATTACK.

1. A court of equity is not called upon to do a vain thing or to entertain a bill merely to vindicate an abstract principle of justice, such as a

bill to set aside a distribution not shown to be erroneous, and deliver the fund to dissatisfied trustees to be redistributed by them.

2. If the court of claims misconstrues an act of Congress conferring jurisdiction upon it to ascertain and declare the value of the services of attorneys for certain Indians, it is an error committed in the exercise of its jurisdiction, which does not render its judgment void and open to collateral attack *in whole or in part, and such error can only* be corrected by another court in the exercise of appellate jurisdiction.

3. The court of claims is an independent tribunal, forming no part of the judicial system of the District of Columbia, and this court is invested with no power to supervise its proceedings, or review its judgments.

No. 2035.  Submitted December 15, 1909.  Decided January 4, 1910.

HEARING on an appeal from a judgment of the Supreme Court of the District of Columbia, sitting as a court of equity, sustaining a demurrer to and dismissing a cross bill in certain equity causes consolidated for hearing.          *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal by Marion Butler and Josiah M. Vale, copartners, trading and doing business under the firm name and style of Butler & Vale, from a decree sustaining a demurrer to, and dismissing, a cross bill filed in certain equity causes that had been consolidated for hearing.

The litigation has its origin in an act of Congress, approved June 21, 1906 [34 Stat. at L. 378, chap. 3504] appropriating $1,500,000 to certain Indians residing on the Colville reservation in the state of Washington.  Many attorneys and agents claimed to have rendered services to said Indians, under contract with them and with each other.  Jurisdiction to ascertain the amount of attorneys' and agents' fees properly due by said Indians for services in procuring the recognition and payment of their claim was conferred upon the court of claims by the following provision of the act aforesaid:

"Jurisdiction is hereby conferred upon the court of claims to

hear, determine, and render final judgment in the name of
Butler & Vale (Marion Butler and Josiah M. Vale), attorneys
and counselors at law, of the city of Washington, District of
Columbia, for the amount of compensation which shall be paid
to the attorneys who have performed services as counsel on be-
half of said Indians in the prosecution of the claim of said In-
dians for payment for said land, and, in determining the amount
of compensation for such services, the court may consider all con-
tracts or agreements heretofore entered into by said Indians
with attorneys who have represented them in the prosecution of
said claim, and also all services rendered by said attorneys for
said Indians in the matter of said claim.  Petition hereunder
shall be filed in said court by the  said attorneys (Butler &
Vale), within thirty days from the passage of this act, and the
Attorney General shall appear on behalf of the defendants, and
said cause shall be given preference for immediate hearing in
said court, and the Secretary of the Treasury is hereby author-
ized and directed to pay the sum of money so awarded by said
court to the said attorneys (Butler & Vale), upon the rendition
of final judgment, out of the said sum herein set apart or ap-
propriated for the benefit of said Indians, and payment of said
judgment shall be in full compensation to all attorneys who have
rendered services to said Indians in the matter of their said
claim, the same to be apportioned among said attorneys by said
Butler & Vale as agreed among themselves:  *Provided,* That be-
fore any money is paid to any attorney having an agreement
with Butler & Vale as to the distribution of said fees, each of
the same shall execute and deliver to the Secretary of the In-
terior a satisfaction and discharge of all claims and demands for
services rendered said Indians in the matter of their said
claims.''

Butler & Vale instituted the proceeding contemplated by the
act, and some of the other claimants intervened therein.  After
due inquiry into the matter of services rendered, the court of
claims, on May 25, 1908, entered a judgment establishing $60,-

000 as the value of the services of the several attorneys, and apportioning the same among them as follows:

| | |
|---|---|
| To Benjamin Miller, Administrator of the Estate of Levi Maish, deceased | $6,000 |
| To Hugh H. Gordon | 14,000 |
| To Marion Butler | 20,000 |
| To Josiah Vale | 10,000 |
| To Daniel B. Henderson | 5,000 |
| To Heber J. May | 3,000 |
| To Frederick C. Robertson | 2,000 |

Butler & Vale received the amount awarded them. It seems that May received his part of the award, and that one other has received a part. The remainder of the award is in the Treasury.

This litigation began in the supreme court of the District with a bill filed August 28, 1908, by the Indian Protective Association, a corporation engaged in the business of representing Indian claims. The defendants were Charles H. Treat, Treasurer of the United States, Hugh H. Gordon, and Benjamin Miller, as administrator of the estate of Levi Maish, deceased. The bill alleged the claim made by the Colville Reservation Indians against the United States for certain lands taken by the United States. That on May 12, 1894, said Indians entered into a contract with Gordon & Maish, who were partners, for the prosecution of their claims, agreeing to pay them 15 per cent of the sums collected; said contract to remain in force ten years. Said contract was approved by the Indian Commissioner and the Secretary of the Interior, but for the sum of 10 per cent. only. That Maish died February 26, 1899, and defendant Miller was duly appointed administrator of his estate. That in January, 1901, Gordon, for himself and as surviving partner of Gordon & Maish, contracted with Heber J. May and Daniel B. Henderson to prosecute said claims as associate attorneys, and assigned to them one fourth of the fee contracted for with the Indians, and $10,000 thereof in addition.

By subsequent assignments complainant became the owner of
the interest aforesaid.  The proceedings in the court of claims
are recited, and it is alleged that Gordon and Miller are seeking
to secure the whole sum awarded to them, in disregard of com-
plainant's rights.  The prayers were for injunction against the
payment of the money to Gordon and Miller, for a receiver, and
for a decree for complainant's interest aforesaid.

About the same time, Frederick C. Robertson filed a bill
against Gordon, Butler & Vale, the Secretaries of the Interior
and the Treasury, and the Treasurer of the United States,
Charles H. Treat.  This bill alleged the Indian claim, fee con-
tracts thereunder, and claimed an interest in the fee allotted to
Gordon.  It also alleged that the fund in the Treasury is a trust
fund, and that if paid to Gordon, and Butler & Vale, irreparable
injury would be done to complainant.  The prayers were for an
injunction to restrain the payment of the money, appointment of
a receiver therefor, and a decree for the interest set up.  Like-
wise, on the same day, Richard D. Gwydir, J. W. Edwards, and
Wendell Hall filed a bill against Gordon, Miller, and the Treas-
urer.  This bill claimed an interest in the fees of Gordon &
Maish, and prays for injunction, receiver, and decree for pay-
ment.

November 2, 1908, an order was entered consolidating said
causes for hearing, appointing receivers for the funds awarded
to Gordon & Maish and Robertson, and dismissing the bills as to
the Treasurer and the Secretaries aforesaid.  December 22,
1908, Butler & Vale filed a cross bill in the consolidated case.
They first set out the litigation recited above, and allege that the
act of Congress directing the proceedings in the court of claims
provided that the entire amount of the award of attorneys' fees
should be made to Butler & Vale for distribution among the sev-
eral claimants, on the basis of an agreement between them.  This
agreement is neither recited in nor made an exhibit to the bill.
That Butler & Vale prosecuted the suit in the court of claims, ad-
vancing burdensome costs,—amount not stated.  That Gordon,
Miller, and May repudiated their agreements relating to the fees,
and intervened in the cause.  That the said court found, among

other things, that the fees due by the Indians were $60,000. That so much of said decree is valid and binding. That in excess of its jurisdiction, and contrary to law, the court violated the terms of the act of Congress, referring the cause, and, over the protest of Butler & Vale, attempted to pass the decree dividing said $60,-000 and awarding one half of it to other claimants than Butler & Vale. That the amounts awarded to Gordon, Miller, and May are far in excess of the amounts to which they are entitled under the agreements referred to in the act of Congress, while those awarded Butler & Vale are far less than they are entitled to under said agreements. That Butler & Vale were put to heavy expense in prosecuting said cause, none of which was borne by the other parties, and no award was made to reimburse them therefor or for their attorneys' fees. That the court of claims was without jurisdiction to render any judgment awarding any part of said fund to anyone but Butler & Vale, and its judgment or decree so far as it made awards to others is null and void. That the Treasurer is without authority of law to pay any part of said money to anyone save Butler & Vale. That as the sums awarded to them in said decree are less than what they are entitled to, and inasmuch as the acceptance by them thereof could injure no one, they received the same from said Treasurer. That they are entitled to have the balance of said money, awarded to others, paid over to them (Butler & Vale) ; to have the purported awards to others declared null and void; to have a decree passed directing that the said balance, remaining after the payment of costs, shall be disbursed by Butler & Vale in accordance with the agreements referred to in the act of Congress. The prayers for relief are adapted to the allegations of the bill. The other parties to the suit, plaintiffs and defendants, demurred to this cross bill. The demurrer was sustained, and, the parties asking no leave to amend, the cross bill was dismissed.

*Messrs. Kappler & Merillat* for the appellant.

*Mr. Louis A. Pradt, Mr. Heber J. May, Mr. Charles Poe,* and *Mr. James B. Archer, Jr.,* for the appellees.

Vol. XXXIV.—19.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

1. The contention of Butler & Vale in the court of claims was that the act of Congress conferred jurisdiction upon said court to entertain a suit by Butler & Vale, and to ascertain the aggregate amount of fees justly due by the Indians for attorneys' services; said fund to be adjudged and paid to Butler & Vale for distribution by them among the interested attorneys "having an agreement with Butler & Vale as to the distribution of said fees." The court of claims denied this contention, holding that its jurisdiction was not so limited by the act of Congress, and proceeded to ascertain the attorneys who had rendered services to the Indians, and to make the awards to them severally, as hereinbefore recited. The act of Congress was construed in an able opinion by Judge Booth. Having declared that the court had jurisdiction, under this construction, to find the value of the services rendered by each attorney, it was said: "The statute having simply recited a supposed agreement, the language being, 'as agreed among themselves,' is of itself quite indefinite. Whether it was oral or under seal likewise failed to appear, until the same was produced in this court, by its special order, and only then under protest." [43 Ct. Cl. 518.] It was further said that the intervening claimants repudiate the existence of an agreement for distribution; some of them are not parties to it at all. It was found that no such agreement as the statute contemplated existed. The opinion then proceeds as follows:

"That particular direction contained in the statute is incapable of enforcement and, unless we can find authority to proceed aside from it, the petition would be dismissed. The Congress had before it at the time of the enactment of the statute a claim against the Colville Indians for services rendered by certain attorneys. It recognized the justice of such a claim. The legal authority under which said attorneys had previously appeared had expired; they were relegated entirely to special legislation for relief. The Congress granted the relief, the special statute was passed, and, notwithstanding the reference to an

agreement as to distribution of the judgment, the general language of the whole statute is sufficiently comprehensive to embrace, as it was clearly intended to do, the claims of 'all attorneys who have rendered services to said Indians in the matter of their said claim.' No attention appears to limit the adjudication to persons signatory to the agreement mentioned. The adjudication intended was to include and cover the whole transaction. The jurisdiction granted extended to the entire scope of the subject-matter referred, and to all parties interested therein."

2. The ground of the cross bill in this case is that the court of claims was strictly limited by the act of Congress to the ascertainment of the gross amount of attorneys' fees due by the Indians on account of the fund appropriated to them; and when so ascertained to adjudge the same to Butler & Vale, who were charged with its distribution, under an agreement referred to, but not recited in the act. The contention is that so much of the decree as adjudged the amount of the fee is valid, but that in so far as it directed the payment of any part thereof to any other persons than Butler & Vale, it is in excess of jurisdiction and void. Upon the theory that under the act of Congress they are entitled to the entire amount of the award, to be distributed by them without the supervision of any tribunal whatsoever, under some undescribed agreement, Butler & Vale have received the sums specifically awarded to them, and lay claim to the remainder as receivable by them exclusively. Their contention admits that, by the terms of the act of Congress, the fund to be ascertained as due by the Indians is one in which others, as well as they, are beneficially interested. The other beneficiaries are content with the order of distribution as made. Butler & Vale seek to set aside this distribution and obtain the possession of the fund that they may distribute it under the agreement claimed to be the one referred to in the act of Congress. Strange to say, Butler & Vale, claiming the fund for this purpose, have neither recited this alleged agreement in their cross bill, nor otherwise introduced it into the record. It is true there is an allegation that less was awarded to Butler & Vale, and more to other beneficiaries than contemplated by the agreement, but this is too

vague and indefinite to be taken as a fact admitted by the demurrer, or to furnish foundation for a decree.

Under the facts alleged, if the bill were entertained, all that a court of equity could do would be to set aside a distribution with which all other beneficiaries are satisfied, and deliver the fund to the dissatisfied trustees to be redistributed by them when no facts are shown that would require or justify a different apportionment. Courts of equity are not called upon to do a vain thing; nor will they entertain a bill merely to vindicate an abstract principle of justice. *Foster* v. *Mansfield, C. & L. M. R. Co.* 146 U. S. 88, 101, 36 L. ed. 899, 903, 13 Sup. Ct. Rep. 28.

If this were the sole ground for sustaining the demurrer, it would seem to be just to modify the decree of dismissal so as to permit an amendment setting out the agreement, if desired. However, we do not rest our decision upon this ground. If the agreement were recited in the bill, we would nevertheless be compelled to affirm its dismissal for a want of substantial merit, which no possible amendment could supply.

3. It is unnecessary to consider the general character of the jurisdiction of the court of claims, which is discussed, and the limitation upon it fully stated, in the opinion of Judge Booth, that has been referred to.

That court had unquestioned jurisdiction of the particular case to ascertain and declare the value of the services rendered by all the recognized attorneys for the Colville Reservation Indians. In reaching its conclusion, it was compelled to construe the rather ambiguous terms of the statute, and its construction was that the court was empowered not only to ascertain the value of the services rendered by each of the attorneys concerned, but also to apportion the fee among them. The aggregate value of these services was the amount found to be payable out of the Indian fund. The provision of the statute is far from clear in meaning, and, if the question were open to our determination, we are not prepared to say that there was error in its construction. Let it be assumed, however, that the court of claims misconstrued the statute, never-

theless, it was an error committed in the exercise of its un-questioned jurisdiction of the subject-matter of the suit. But an error of this kind does not, ordinarily, render a judgment void, and open it to collateral attack as a whole, or in part. *Ex parte Parks,* 93 U. S. 18, 21, 23 L. ed. 787, 788; *Re Swan,* 150 U. S. 637, 651, 37 L. ed. 1207, 1210, 14 Sup. Ct. Rep. 225; *Re Chapman,* 156 U. S. 211, 215, 39 L. ed. 401, 402, 15 Sup. Ct. Rep. 331; *Andersen* v. *Treat,* 172 U. S. 24, 31, 43 L. ed. 351, 353, 19 Sup. Ct. Rep. 67. If proceeding erroneous-ly, the court was not acting wholly without jurisdiction, or in violation of some constitutional or express statutory limitation, or in denial of some essential right guaranteed by the Consti-tution, so as to render its judgment void under another rule laid down in other cases. *Ex parte Lange,* 18 Wall. 163, 175, 21 L. ed. 872, 878; *Re Snow,* 120 U. S. 274, 30 L. ed. 658, 7 Sup. Ct. Rep. 556; *Re Nielsen,* 131 U. S. 176, 182, 33 L. ed. 118, 120, 9 Sup. Ct. Rep. 672.

Our conclusion is that the judgment of the court of claims is governed by the first rule above stated, and that its error, if such it was, can only be corrected by another court in the exercise of appellate jurisdiction. The court of claims is an independent tribunal, forming no part of the judicial system of the District of Columbia, and this court is invested with no power to supervise its proceedings, or review its judgments.

The court below committed no error in sustaining the de-murrer and dismissing the cross bill, and its decree will, there-fore, be affirmed with costs.                    *Affirmed.*

Mr. Justice VAN ORSDEL took no part in the hearing and de-termination of this appeal.