**1**

**Wesley L. SISCHO, Appellant, v. Finch R. ARCHER, as Warden of United States Penitentiary at McNeil Island, State of Washington, Appellee.**

(Circuit Court of Appeals. Ninth Circuit. July 12, 1926.)

No. 4816.

Appeal from the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Raine Ewell, of San Francisco, Cal., for appellant.

Thos. P. Revelle, U. S. Atty., of Seattle, Wash., and Carroll A. Gordon, Asst. U. S. Atty., of Tacoma, Wash., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. A demurrer was sustained in the court below to the appellant's petition for a writ of habeas corpus. He had been convicted under two counts of an indictment—one charging that he did knowingly, willfully, unlawfully, and fraudulently and contrary to law import and bring into the United States from a foreign place a certain quantity of opium prepared for smoking; the second charging that he did knowingly, willfully, unlawfully, feloniously, and fraudulently buy, receive, and conceal a certain quantity of opium prepared for smoking, which theretofore he knowingly, willfully, unlawfully, feloniously, and fraudulently and contrary to law imported and brought from a foreign place. He was sentenced to imprisonment on each count, the terms of imprisonment to be concurrent.

His main contention, and his only contention determinable on habeas corpus, is that the act under which he was convicted is unconstitutional and void, in that it shows upon its face that its purpose is to exclude from importation into the United States opium prepared for smoking, and that the enactment thereof was not the exercise of the power of Congress to regulate commerce with foreign nations. Conceding that the unconstitutionality of a statute on which a conviction has been had is ground for relief on habeas corpus, either before or after conviction or commitment (Minnesota v. Barber, 136 U. S. 313, 10 S. Ct. 862, 34 L. Ed. 455; In re Savage, 134 U. S. 176, 10 S. Ct. 389, 33 L. Ed. 842; In re Nielsen, 131 U. S. 176, 9 S. Ct. 672, 33 L. Ed. 118; Ex parte Yarbrough, 110 U. S. 651, 4 S. Ct. 152, 28 L. Ed. 274), the fact remains that the question here presented is answered adversely to the appellant's contention in Yee Hem v. United States, 268 U. S. 178, 45 S. Ct. 470, 69 L. Ed. 904.

The judgment is affirmed.

---

**2**

**Herman C. WECHSLER, Doing Business, etc., Plaintiffs in Error, v. UNITED STATES, Defendant in Error.**

(Circuit Court of Appeals, Second Circuit. June 2, 1926.)

No. 339.

In Error to the District Court of the United States for the Southern District of New York.

Thomas & Friedman, of New York City (S. P. Friedman and Joseph H. Hazen, both of New York City, of counsel), for plaintiff in error.

Emory R. Buckner, U. S. Atty., of New York City (H. T. Stichman, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before HOUGH, MANTON, and HAND, Circuit Judges.

PER CURIAM. Judgment affirmed in open court.