UNITED STATES of America

v.

Jamiel CHAGRA et al.

Crim. No. 80–00165–S.

United States District Court,
D. Massachusetts.

July 30, 1980.

Martin Boudreau, Dept. of Justice, Boston, Mass., for United States.

Annette R. Quintana and Oscar B. Goodman, Las Vegas, Nev., for defendants.

SKINNER, District Judge.

The defendant moves to dismiss this indictment charging conspiracy to import, importation, conspiracy to possess for distribution and possession for distribution of a quantity of marijuana. All of these charges relate to the alleged illegal importation of marijuana at Folly Cove, Gloucester, Massachusetts during the period July 22–25, 1975 and its subsequent distribution. The attendant conspiracies are alleged to have continued for the entire calendar year 1975.

Defendant Chagra asserts that prosecution of this indictment is barred by his prior conviction in the United States District Court for the Western District of Texas, El Paso Division, for engaging in a continuing series of violations of the Controlled Sub-

stances Act, 21 U.S.C. § 801 *et seq.* in violation of 21 U.S.C. § 848. *United States v. Chagra*, Criminal No. EP–79–CR–91.[1] The period included in the alleged continuing offense was from April 1, 1974 to April 8, 1978. The series of offenses charged include numerous incidents of illegal importation and possession of marijuana and cocaine on various dates in 1974, 1976, 1977 and 1978. The events charged in the present indictment were not mentioned in the Texas indictment. The defendant apparently concedes that no evidence of his alleged 1975 activity was introduced in the trial of that case.

The events alleged in the present indictment fall squarely within the period of continuous violations charged in the Texas indictment and fit equally squarely within the description of the continuous illegal conduct therein; namely, violations of 21 U.S.C. §§ 841, 846 and 952, and specifically trafficking in marijuana and cocaine.

Conspiracies to violate these sections are lesser included offenses under § 848. *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977). Under the principles affirmed in that case, there can be no doubt that the substantive violations of §§ 841 and 952 are also lesser included offenses. *Brown v. Ohio*, 432 U.S. 161, 166, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). The Court in *Jeffers* held further that, absent special circumstances constituting a waiver of the defense, conviction of the greater crime (§ 848) barred prosecution of lesser included offenses on the ground of double jeopardy.

Even though the Massachusetts crimes were not specified, the Texas indictment referred to "divers other places to the grand jurors unknown." Evidence of the Massachusetts violations was admissible to establish the continuing series of violations

alleged in the indictment. *United States v. Bergdoll*, 412 F.Supp. 1308, 1318 (D.Del. 1976). Although the indictment refers to a continuing series of violations, the statute actually prohibits engaging "in a continuing criminal enterprise." Continuity is a material element of the crime charged. The charge, and presumably the evidence, concerned violations in 1974 and 1976, 1977 and 1978. The jury's verdict of guilt of the continuing offense necessarily imports a finding that the defendant was engaging in a criminal enterprise during 1975. Evidence of the acts charged in the present case was not necessary to support that finding, but would have been admissible cumulative evidence.

This motion thus raises the following very narrow issue:

> Does a conviction under 21 U.S.C. § 848 bar a subsequent prosecution for lesser included crimes committed within the alleged period of the continuing criminal enterprise, evidence of which would have been admissible as cumulative evidence in the trial of the § 848 indictment but was not offered by the prosecution?

In most cases dealing with successive prosecutions for greater and lesser included offenses, the courts were dealing with a single event and basically identical evidence in each case; *e. g.,* murder/assault and battery; robbery/assault; robbery/larceny from the person, etc. In *Jeffers, supra,* the court dealt with identical evidence on both charges and to a lesser extent, so did the Court in *Brown, supra.* In *United States v. Stricklin*, 591 F.2d 1112 (5th Cir. 1979), *cert. denied*, 444 U.S. 963, 100 S.Ct. 449, 62 L.Ed.2d 375 (1979), the court appeared to restrict the bar of double jeopardy in successive prosecutions under § 846 and § 848 (in either chronological order or simultaneously) to charges involving evidence substantially identical to that actually introduced in the prior trial.[2]

1. An appeal of this conviction is presently pending before the Court of Appeals of the Fifth Circuit.

2. Subject to the possible exception that if the facts necessary to sustain the more serious charge are not known to the government at the time of the first prosecution, the government may thereafter proceed to prosecute the greater offense.

... .he present case, however, where the greater crime is a continuing offense, and was prosecuted first, there is an argument in principle and some persuasive authority for a broader application of the bar. In the first place, the jury has already, by necessary implication, found that the defendant was engaged in a criminal enterprise which included the importation and distribution of marijuana during the year 1975. The finding of continuity was material under § 848, and a necessary predicate to the imposition of the very serious penalties imposed under § 848. Furthermore, while I have found no cases on forfeiture, the defendant's present conviction would appear to warrant forfeiture of his profits from the importation and possession of marijuana at Folly Cove and its subsequent distribution. Under the statute, it would appear to be the defendant's status as an entrepreneur which warrants the forfeiture of profits, whether or not they were derived from the specific violations established in the criminal case. The defendant has in short suffered the same jeopardy in terms of potential penalty and potential forfeiture as he would have if the evidence of the Massachusetts cases had been introduced in the Texas case. The underlying purpose of the constitutional prohibition against multiple prosecution has equal application in principle to these related cases regardless of the election or failure of the government to introduce evidence of the Massachusetts cases in the Texas trial.

Authority on the point is scarce and ancient, but in my view persuasive. In *Ex parte Nielsen*, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889), it was held that conviction of cohabiting with more than one woman between October 15, 1885 and May 13, 1888 barred a subsequent prosecution for adultery with one of the same women said to have occurred on May 14, 1888. It does not appear that evidence of intercourse was introduced in the earlier offense. The Court quoted 131 U.S. at 188, 9 S.Ct. at p. 676, from *Morey v. Commonwealth*, 108 Mass. 433, 435 (1871):

> The test is not, whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense.

The court at p. 189 also quotes *Wharton's Treatise on Criminal Law*, Vol. 1, § 560, as follows:

> An acquittal or conviction for a greater offence is a bar to a subsequent indictment for a minor offence included in the former, wherever, under the indictment for the greater offence, the defendant could have been convicted of the less;

The rule is stated in substantially the same terms in *Wharton Criminal Law and Procedure* (Anderson), 1957, § 148.

The government's knowledge of the offense subsequently prosecuted at the time of the prior trial is apparently immaterial, as conceded by the Assistant United States Attorney in argument before me. The only exception to this rule, if it is an exception, occurs ". . . when all the events necessary to the greater crime have not taken place at the time the prosecution for the lesser is begun. [Citations] . . . This exception may also apply when the facts necessary to the greater were not discovered despite the exercise of due diligence before the first trial." *Jeffers v. United States*, 432 U.S. at 151–2, 97 S.Ct. at 2216–17. In the present case the greater offense was tried first and the exception does not apply.

■ Accordingly, I conclude that prosecution of lesser included offenses is ordinarily barred by conviction of the greater offense where evidence of the lesser offenses would have been admissible as cumulative evidence in the trial of the greater offense, but was not in fact offered.

In the present case, however, there is a further question which has not been addressed in the decided cases, as far as I know. In all of the cases which have come to my attention, the court in which the first conviction was entered has had jurisdiction over the lesser included offense. If the second prosecution is barred under the circumstances which I have posited, the bar is dependent on jeopardy, which implies the power of the court to punish for the crime, e. g., the existence of subject matter jurisdiction.

■ We have now to deal, for I believe the first time, with prosecution in Texas of a criminal enterprise of national scope under § 848 in which some of the component lesser included crimes could not have been prosecuted in Texas. *Cf. United States v. Fry*, 413 F.Supp. 1269 (E.D.Mich.1976). In particular, Counts II and IV of the present indictment, which clearly allege aspects of a continuing drug enterprise covering 1975, could not have been independently prosecuted in the Western District of Texas, because the entire crimes alleged were perpetrated in the District of Massachusetts. United States Constitution, Amendment VI; Fed.R.Crim.P. 18. While the cited venue provisions are not strictly jurisdictional, in the sense that they may be waived by the defendant, venue is a matter of important public policy, and proof of proper venue, in the absence of a waiver, is necessary for a conviction. *United States v. Black Cloud*, 590 F.2d 270 (8th Cir. 1979).

■ Counts I and III of the present indictment do not raise this problem, since the conspiracies therein alleged are said to have taken place over a 12-month period in a number of localities, including El Paso, which is within the Western District of Texas. On familiar principles, a conspiracy indictment may be returned and tried in any district wherein either the agreement itself or any act in furtherance of it took place. *Bellard v. United States*, 356 F.2d 437 (5th Cir.) *cert. denied*, 385 U.S. 856, 87 S.Ct. 103, 17 L.Ed.2d 83 (1966).

■ I rule that *in this case* the defendant's conviction in Texas of a violation of § 848 is no bar to prosecution in the present case of Counts II and IV of the indictment, because the Texas court did not have the power to impose punishment for those crimes.[3] Accordingly, the defendant's motion to dismiss is DENIED as to Counts II and IV.

Conversely, I rule that the defendant's conviction of a violation of § 848 does bar prosecution of Counts I and III, because those were lesser included offenses which could have led to independent prosecution and punishment in the Western District of Texas. The conviction is presently on appeal, however, which creates yet another problem. It appears from the papers submitted that one of the grounds of appeal may be prosecutorial misconduct in the return of the indictment. It is conceivable therefore that the Court of Appeals may order a dismissal of the indictment for grounds which would not support a claim of former jeopardy. *Cf. Sanabria v. United States*, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978), and the discussion of the same case in the Court of Appeals, *United States v. Sanabria*, 548 F.2d 1, 6–7 (1st Cir. 1976).

Dismissal of Counts I and III of the indictments would be premature. These counts are accordingly severed insofar as they charge Jamiel Chagra with conspiracy. I shall withhold action on this motion to dismiss with respect to such counts until the disposition of the defendant's appeal from his conviction in the Western District of Texas under § 848. These counts shall stand continued as to him until such time as a copy of the opinion of the Court of Appeals is filed in this court with proof that its mandate has issued to the District Court. All the time from the date of this order until the time of such filing shall be excludable time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(D) and § 3161(h)(8), for the reasons above stated.

---

3. Lack of power to punish might not always be determinative. Suppose that evidence of a crime committed wholly in Massachusetts were actually introduced in an § 848 prosecution elsewhere, and the evidence thereof provided an essential element of the § 848 offense, *e. g.*, that the defendant acted in concert in a supervisory capacity with five others. It might well be that a subsequent prosecution would be barred even though the court trying the § 848 case did not have the power to punish the lesser included offense. I need not resolve that case, but note it only to point out that analysis of double jeopardy in this context is much like peeling an onion, and my ruling is directed to the facts of this case only.