UNITED STATES v. MANDILE.
Crim. A. No. 43410.

United States District Court
E. D. New York.

Feb. 25, 1954.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., for the United States.

Thomas O'Rourke Gallagher, Brooklyn, N. Y., for defendant.

GALSTON, District Judge.

This is a motion to dismiss the indictment on the grounds (1) that it constitutes double jeopardy in violation of the Fifth Amendment; (2) that it fails to state the commission of a crime in that it fails to allege that the defendant did, intended or attempted to defraud the United States Government, and (3) that the Government suffered no loss, but on the contrary gained by virtue of the acts of the defendant.

The first ground—that of double jeopardy—is based on the fact that the defendant was indicted, pleaded guilty and was sentenced in the County Court, County of Kings, State of New York, for grand larceny, forgery and conspiracy to commit grand larceny and forgery. According to the motion papers, among the overt acts set forth in the conspiracy count in the State indictment was one alleging that the defendant was guilty of:

"Violation of the Income Tax laws whereby fraudulent and illegal refunds of tax were obtained."

The affidavit annexed to the motion papers sets forth facts which are stated to be the basis of the allegations both in the State indictment with respect to the overt act quoted, and in the present indictment.

■ The issue is whether the fact that the defendant has already been convicted in the State court on a conspiracy charge grounded, in part, upon the overt acts now forming the basis for the present indictment charging substantive offenses against the United States Government, requires dismissal of the indictment.

■ A charge of conspiracy to commit a crime and a charge of a substantive crime do not deal with identical offenses, even though the same overt acts are charged and proved in the two instances. In United States v. Bayer, 331 U.S. 532, at page 542, 67 S.Ct. 1394, 1399, 91 L.Ed. 1654, the Court pointed out that the essence of a conspiracy is the agreement to commit a crime, and that is punishable, if any overt act is taken in furtherance of the agreement, whether or not the contemplated crime is consummated. It went on to state:

"But the same overt acts charged in a conspiracy count may also be charged and proved as substantive offenses, for the agreement to do the act is distinct from the act itself."

■ Furthermore, aside from the established distinction between conspiracy to commit a crime and the substantive crime, it is settled law that the double jeopardy provision of the Fifth Amendment does not constitute a bar to federal prosecution, though a state conviction based on the same acts has already been obtained. Jerome v. United States, 318 U.S. 101, 105, 63 S.Ct. 483, 87 L.Ed. 640; Hebert v. State of Louisiana, 272 U.S. 312, 47 S.Ct. 103, 71 L.Ed. 270.

■ The remaining two grounds of the defendant's motion can be considered together. The defendant contends that no offense is charged in the indictment because any attempt made to obtain money fraudulently was made against the Atlantic Stevedoring Company, the defendant's employer, and not the Government.

Count One of the indictment is based upon section 3809(a) of Title 26, U.S. C.A. The essence of the crime charged therein is that of filing a verified income tax return knowing that it is false or fraudulent as to a material matter. The fraud charged is that of knowingly making a false statement; making a false claim to obtain money is not a part of the offense charged.

Count Two rests upon section 287 of Title 18, U.S.C.A., making it a crime to make a claim upon the United States or department or agency thereof, knowing such claim to be false, fictitious or fraudulent. The indictment properly charges the defendant with knowingly filing a false claim for the refund of taxes withheld.

The motion papers disclose that the defendant in fact received the withheld taxes as a refund, and used the money for his own purposes. Consequently, if the charge alleged in the indictment is proved, the defendant is guilty of obtaining money from the Government under a false or fraudulent claim. It may be, as alleged by the defendant, that a fraud was perpetrated on Atlantic Stevedoring Company whereby it paid withholding taxes in excess of that required on the basis of the wages actually paid to the defendant. The fact remains, however, that the defendant made a claim for and received the refund of withheld taxes which he knew he was not entitled to receive.

In view of the foregoing, the defendant's motion to dismiss the indictment is denied in all respects.