**UNITED STATES of America,**

v.

**Herbert KOSMOL and Stephen Kramer, Defendants.**

**Crim. No. 45686.**

United States District Court
E. D. New York.

May 20, 1959.

John A. Arcudi and Bernard Green, Bridgeport, Conn., for defendant, for the motion.

Cornelius W. Wickersham, Jr., U.S. Atty., Brooklyn, N. Y., Charles L. Stewart, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for the Government, in opposition.

RAYFIEL, District Judge.

On February 4, 1959 a four-count indictment was filed against the above-named defendants. Each of Counts 1 and 2 charges the defendants, under § 371 of Title 18 U.S.Code, with conspiring to break into a United States post office in the State of Connecticut, in violation of § 2115 of said Title. Count 3 charges them, under § 371, with conspiring to commit a violation of § 641 of said Title by receiving, concealing and retaining, with intent to convert to their own use, money and other property of the Post Office Department of the United States, exceeding in value the sum of $100 knowing the same to have been stolen. Count 4 charges them with the substantive crime of receiving, concealing and retaining, with intent to convert to their own use and gain, money, vouchers and postage, documentary and saving stamps of a value exceeding $100, knowing that the same had been stolen, in violation of said § 641. The post offices referred to in Counts 1 and 2 are located, respectively, in Wilton and Orange, Connecticut.

The defendant Kramer has made two motions herein; one, to dismiss all four counts of the indictment, and the other, for leave to inspect the Grand Jury minutes. His motion to dismiss the indictment rests chiefly on the claims (1) that a trial under the instant indictment will place him in double jeopardy, since he has already been tried and acquitted in the State of Connecticut of the acts charged therein, and (2) that the Government raised or could have raised in said trial all the issues sought to be resolved under the indictment herein, and, hence, that the determination of the Connecticut trial is res judicata as to such issues.

These are the facts. On September 18, 1958 an eight-count indictment was filed against the defendant Kramer alone in the United States District Court of Connecticut. Counts 1 and 5 charged him with forcibly breaking into post offices at Wilton and Orange, Connecticut, respectively, with the intention of committing a larceny, in violation of § 2115 of Title 18 U.S.Code; Counts 2 and 6 charged him with committing depredations in said Wilton and Orange post offices, respectively, by ripping open and damaging, to an extent exceeding $100, safes therein contained, in violation of § 1361 of said Title; Counts 3 and 7 charged him with stealing and purloining from said post offices, respectively, cash and property of the United States having a value of more than $100, in violation of § 641 of said Title; and Counts 4 and 8 charged said defendant with stealing registered letters or pieces of mail from said post offices, respectively, in violation of § 1708 of said Title.

The Connecticut indictment hereinabove referred to named Kramer alone, and charged him only with substantive offenses. A separate two-count indictment was returned in Connecticut against Kosmol alone, charging him with breaking into the Wilton and Orange post offices on the dates referred to in Counts 1 and 5 of the Kramer indictment, with the intent to commit a larceny. The proceedings under the said Kosmol indictment were transferred to this District under Rule 20 of the Federal Rules of Criminal Procedure, 18 U.S.C., and he thereafter pleaded guilty thereto.

Counts 1, 2 and 3 of the instant indictment charge Kramer and Kosmol with conspiring, together with another person, to commit certain of the acts charged against Kramer in the Connecticut indictment. Kosmol testified in behalf of the Government in the Connecticut case. Much of his testimony related to incidents involved in the alleged conspiracies referred to in Counts 1, 2 and 3 herein. I have read the transcript of his testimony in the Connecticut case. It related in large part to matters referred to in the overt acts charged in the conspiracy counts herein, and it

may be assumed that he will testify substantially to the same effect in the instant case. However, that would not constitute double jeopardy since the only issues the jury in the Connecticut case was called upon to determine involved the aforementioned substantive offenses. It is true that the testimony of Kosmol in the Connecticut case could well have formed the basis for the inclusion in that indictment of conspiracy counts similar to those contained in the instant indictment. Thus, Kosmol could have been joined with Kramer in the Connecticut indictment and charged with conspiracy as well as the substantive offenses contained in the separate indictment filed against him. While the failure to do so, with its resultant increased strain, hazard and financial burden on Kramer, is to be deplored, I am aware of no authority which justifies the dismissal of the indictment on that score. On the contrary, it is well established, and it is not here disputed, that the commission of a substantive offense and the conspiracy to commit same are separate crimes, and one may be prosecuted for both. See Pinkerton v. United States, 328 U.S. 640, 643, 66 S.Ct. 1180, 90 L.Ed. 1489 and cases therein cited.

█ Counts 3 and 4 herein involve particularly the receipt, concealment and conversion by the defendants of money and other things of value belonging to the Post Office Department of the United States, knowing the same to have been stolen. Obviously, then, the crimes therein charged postdated the robberies, claimed to have been the source of such stolen property. Sealfon v. United States, 332 U.S. 575, 68 S.Ct. 237, 92 L. Ed. 180, cited by the defendants, is inapplicable, since, as hereinabove stated, the crimes charged in the Connecticut and instant indictments and the issues raised therein are dissimilar.

No basis has been shown for the inspection of the Grand Jury minutes.

Accordingly, both motions are denied.