UNITED STATES of America,
Appellee,

v.

Mohamed MARAKAR, Appellant.

UNITED STATES of America,
Appellee,

v.

Niamat A. Mushraf ALI, Appellant.

Nos. 13662 and 13697.

United States Court of Appeals
Third Circuit.

Argued Jan. 9, 1962.

Decided March 5, 1962.

Joseph F. Walsh, Newark, N. J., for
appellant in 13662.

Donald A. Robinson, Newark, N. J., for appellant in 13697.

David M. Satz, Jr., U. S. Atty., Newark, N. J. (Richard A. Levin, Asst. U. S. Atty., on the brief), for appellee.

Before BIGGS, Chief Judge, McLAUGHLIN and GANEY, Circuit Judges.

GANEY, Circuit Judge.

Appellants, Mohamed Marakar and Niamat A. Mushraf Ali, were convicted, after they had been separately indicted and tried together, of the substantive offense of importing opium into the United States in violation of 21 U.S.C.A. § 174.[1] Each of them has appealed on the ground that they have been twice put in jeopardy for the same offense in violation of the double jeopardy clause of the Fifth Amendment to the United States Constitution, or that their former acquittal of conspiracy to commit the substantive offense raised a collateral estoppel to the subsequent charge.

On November 6, 1960, appellants were arrested in Newark, New Jersey, when quantities of crude opium were allegedly discovered on their persons by the authorities immediately after appellants had come ashore from a ship which had docked at that port. On January 9, 1961, a Grand Jury returned a two count indictment against appellants and one George Lumhoo as co-defendants. The first count charged them with conspiring to import, receive, conceal, buy and sell a quantity of crude opium on or about November 5, 1960, in violation of 21 U.S.C.A. § 174. The second count charged them with conspiring on or about November 5, 1960, in violation of 18 U.S.C. § 371 (the general conspiracy section of the Criminal Code) to commit the offense set forth in § 4704(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 4704(a), forbidding one to purchase, sell, dispense, or distribute narcotic drugs except in or from the original package. Three overt acts in furtherance of the conspiracy were set forth under this count. The third charged that on or about November 6, 1960, the appellants "concealed on their persons a quantity of crude opium and came ashore from the steamship MV Baharastan at Port Newark, New Jersey, for the purpose of delivering same to the defendant, George Lumhoo, later the same day."[2]

On January 27, 1961, they pleaded not guilty, and were brought to trial before a jury on April 11, 1961. From the evidence offered at the trial by the prosecution the jury would have been justified in finding that appellants concealed on their persons a quantity of crude opium and brought it ashore from the steamship MV Baharastan at the port of Newark, New Jersey. However upon completion of the prosecution's case, the trial judge granted motions for judgment of acquittal as to each defendant on both counts of the indictment on the ground that no proof of concert of action be-

---

**1.** For our purposes this section provides: "Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States * * * contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. * * *

"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

This section contains its own so-called "built-in" conspiracy provision, and an indictment thereunder need neither refer to 28 U.S.C. § 371, nor aver an overt act. See United States v. Galgano, 281 F.2d 908 (C.A. 2, 1960); United States v. Shackelford, 180 F.Supp. 857 (D.C.S.D. N.Y.1957).

**2.** The quantity of opium was not specified in either count.

tween any two of them had been shown. The prosecution did not appeal from these rulings.

On April 26, 1961, a second Grand Jury returned separate indictments against appellants charging each of them with the substantive offense of importing and bringing opium into the United States in violation of 21 U.S.C.A. § 174.[3] Marakar was charged with having brought ashore 1 pound, 1 ounce, 240 grains of opium, and Ali, 2 pounds, 8 ounces and 380 grains. Neither indictment contained a conspiracy charge. They were tried together and found guilty as charged by the jury. The trial judge denied their motions for judgment of acquittal and sentenced them to the minimum mandatory five years in jail.

Concerning their claim that the second prosecution for the substantive offense after an acquittal of conspiring to commit that offense placed them in double jeopardy in violation of the Fifth Amendment, appellants recognize the fact that they could have been charged in a single indictment with having committed the substantive offense and having conspired to commit the same.

 It has long been held that the identity of the offenses is the nub of double jeopardy. United States v. Randenbush, 8 Pet. 287, 33 U.S. 287, 8 L.Ed. 948 (1834); Ex parte Lange, 85 U.S. 163, 18 Wall. 163, 21 L.Ed. 872 (1873); Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). The same act may violate a number of statutes. Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489 (1911).

 The offenses of committing a substantive crime and that of conspiring to commit it are distinct and one may be prosecuted for both at a single trial. Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954); United

States v. Moore, 290 F.2d 436, 439 (C.A. 2, 1961); United States v. Stromberg, 22 F.R.D. 513 (D.C.N.Y.1957). Offenses are not the same simply because they relate to the same unlawful transaction or arise out of the same general course of criminal conduct.[4] For the purpose of the double jeopardy plea, the offenses here in question are not the same, and the Fifth Amendment did not bar the second prosecution. See United States v. DeAngelo, 138 F.2d 466 (3 Cir.1943); United States v. Kramer, 289 F.2d 909, 913 (C.A.2, 1961); United States v. Campisi, 248 F.2d 102 (C.A.2, 1957) cert. denied, 355 U.S. 892, 78 S.Ct. 266, 2 L.Ed.2d 191.

 If appellants are to succeed here, it must be by virtue of the rule of "collateral estoppel." The Fifth Amendment did not supplant the principle or doctrine of *res judicata*. United States v. Oppenheimer, 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161 (1916). The rule of collateral estoppel is an aspect of the broader principle of *res judicata*, and is applicable to criminal cases as well as civil. Hoag v. New Jersey, 356 U.S. 464, 470–471, 78 S.Ct. 829, 2 L.Ed.2d 913 (1957); Sealfon v. United States, 332 U.S. 575, 578, 68 S.Ct. 237, 92 L.Ed. 180 (1948). "The pertinency of the foregoing rule [collateral estoppel] depends upon what facts the verdict of acquittal in the former criminal trial served to conclude and whether the facts so determined are again put in issue by the government's allegations and proof at a subsequent trial of the same defendant for another criminal offense." United States v. DeAngelo, supra, 138 F.2d at p. 469. It is clear from the excerpts of the argument on the motions for judgment of acquittal before the trial judge in the conspiracy case, that the single reason for his allowing the motions was that the evidence as to concert of action between any two of defendants was in-

3. See Footnote 1, supra.

4. In United States v. Raysor, 294 F.2d 563, 567 (C.A. 3, 1961), this Court said that the acquittal of one charged with making a sale of heroin to D (instead of C) would not protect him from a subsequent prosecution for making the sale of the same heroin to C.

**516**

sufficient as a matter of law for the jury to conclude that the fundamental element of the crime under each count had been proved. Although there may have been the strongest evidence that appellants concealed opium on their persons and that they brought it ashore from the vessel, the judgments of acquittal did not establish the existence or non-existence of those facts.

■ Under similar circumstances, this Court, in United States v. Curzio, 170 F.2d 354, 355–356 (C.A.3, 1948), concluded that since the ruling of the conspiracy trial judge did not decide that the defendant was in possession of counterfeited stamps, the principle of *res judicata* did not bar defendant's subsequent trial on the substantive offense of possessing the contraband with the intent to put them into circulation. Despite the fact that the Court reversed the judgment of the trial court on other grounds, and each case is to be determined on its own facts, what was there said applies equally well to the cases here. Consequently, the allegations and the proof in the conspiracy trial were not a basis for a collateral estoppel on the part of the government in the subsequent prosecutions.

■ Though they did not specifically raise the question in their brief, appellants suggested at the argument that this Court should give some consideration to the fact that they have been in custody continuously since their arrest on November 6, 1960. As it turned out, we cannot see how they have been unduly prejudiced. Section 3568 of Title 18, as amended, concerning the effective date of sentence, provides in part: *"Provided,* That the Attorney General shall give any such person credit toward service of his sentence for any days spent in custody prior to the imposition of sentence by the sentencing court for want of bail set for the offense under which sentence was imposed where the statute requires the imposition of a minimum mandatory sentence."

The judgment of conviction in each case will be affirmed.