## UNITED STATES of America, Plaintiff-Appellee,

v.

## Willard JONES, Defendant-Appellant.

No. 13854.

United States Court of Appeals
Seventh Circuit.

July 7, 1964.

810

Ware Adams, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John Powers Crowley, Chicago, Ill., for appellee, John Peter Lulinski, Asst. U. S. Atty., of counsel.

Before DUFFY, KILEY and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

This case presents the sole question as to whether appellant (defendant) has been placed in double jeopardy by reason of the prosecution forming the basis for this appeal, in violation of the Fifth Amendment to the United States Constitution.[1]

Defendant, on July 16, 1957, was charged in a four-count indictment (No. 57 CR 461) with substantive violations of the narcotic laws: Count 1, selling 43 grains of heroin in violation of 26 U.S.C. § 4705(a) to agent R. J. Taylor on April 17, 1957; Count 2, receiving and concealing (possessing) 43 grains of heroin on April 17, 1957, in violation of 21 U.S.C. § 174; Count 3, receiving and concealing (possessing) 20 ounces of heroin on April 25, 1957, in violation of 21 U.S.C. § 174, and Count 4, receiving and concealing (possessing) 634 grains of cocaine on April 25, 1957, in violation of 21 U.S.C. § 174.

After a trial to the Court, defendant was found guilty as charged and sentenced to a statutory minimum of five years' imprisonment, from which he did not appeal. He commenced serving such sentence at a Federal penitentiary on April 1, 1958.

On September 2, 1959, while defendant was in prison, an indictment (No. 59 CR 571) was returned against him and eight other persons, charging them with conspiring to violate Sec. 2(c) of the Narcotic Drugs Import and Export Act, 21 U.S.C. § 174, for the period commencing January 1, 1952 and continuing to the date of the return of the indictment. Defendant completed serving his sentence on August 25, 1961 (time off for good behavior), but on May 9, 1960, he had been arraigned and entered a not guilty plea to the second indictment. The second trial was held from February 20 to March 8, 1962. On February 24, 1962, defendant Jones filed a motion to dismiss the indictment as to him on the ground of former jeopardy, which the Court took under advisement and denied subsequent to the jury verdict returned March 8, 1962, finding all defendants guilty.

On May 22, 1962, the Court entered judgment as to all defendants and sentenced Jones to another statutory minimum five-year sentence. From this judgment the instant appeal comes to this Court.[2]

In the meantime, five of the other named conspirators appealed to this Court, which affirmed the judgment as to them. United States v. Green et al., 7 Cir., 327 F.2d 715. The questions raised on that appeal, as shown by the opinion, are immaterial to that raised by Jones on the present appeal. No question is raised here as to the sufficiency of the evidence to support the judgment against Jones and, as stated, the sole contention urged is that he has been twice put in jeopardy by the conspiracy prosecution.

Defendant in this Court has been represented by Mr. Ware Adams, a mem-

---

1. " * * * nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb * * *."

2. Other proceedings had between the entry of the judgment on May 22, 1962 and the instant appeal are not relevant to the question for decision, although they show the reason for the undue delay.

ber of the Chicago Bar, as Court-appointed counsel, who in support of his contention makes an impressive and challenging presentation. Even though we conclude after careful consideration that it must be rejected, we think it merits more than cursory discussion.

The substance of defendant's contention is shown by the following statement from his brief:

"Both indictments concerned the 'same criminal conduct'—the violation of federal narcotics laws and particularly 21 U.S.C. Sec. 174. The double prosecution for violating this statute enforced only a single 'federal interest'. The second prosecution was a successive, federal conviction. No offense occurred after the first trial. Indeed, Jones was incarcerated during the entire time after the first trial, except for the period from August 25, 1961, to the date of the second trial in February, 1962."

It is not open to doubt but that the substantive offenses charged in the first indictment and the conspiracy charged in the second are separate and distinct offenses, and that there would have been no double jeopardy if all had been charged and tried in a single case.

Of the many cases which support this premise, a quotation from Pinkerton v. United States, 328 U.S. 640, 643, 66 S.Ct. 1180, 1182, 90 L.Ed. 1489, will suffice:

"It has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses. The power of Congress to separate the two and to affix to each a different penalty is well established. Clune v. United States, 159 U.S. 590, 594, 595 [16 S.Ct. 125, 126, 40 L.Ed. 269]. A conviction for the conspiracy may be had though the substantive offense was completed. See Heike v. United States, 227 U.S. 131, 144 [33 S.Ct. 226, 228, 57 L.Ed. 450]. And the plea of double jeopardy is no defense to a conviction for both offenses. Carter v. McClaughry, 183 U.S. 365, 395 [22 S.Ct. 181, 193, 46 L.Ed. 236]. It is only an identity of offenses which is fatal. See Gavieres v. United States, 220 U.S. 338, 342 [31 S.Ct. 421, 422, 55 L.Ed. 489]."

While in Pinkerton the substantive and conspiracy charges were contained in the same indictment, the Court held there was no double jeopardy because the offenses were separate and distinct. We discern no reason to think that offenses separate and distinct when charged in the same indictment are otherwise when charged separately. The Carter case cited in Pinkerton on double jeopardy relied heavily upon Morey v. Commonwealth, 108 Mass. 433, a much cited and often quoted case. The Court in Morey stated:

"A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

In the instant situation, each of the statutes involved in the first and second prosecutions requires proof of an additional fact or facts different from the others. This is the basis for holding that they are separate and distinct offenses.

Defendant relies upon four cases in support of his contention: Maraker v. United States, 370 U.S. 723, 82 S.Ct. 1573, 8 L.Ed.2d 803; Petite v. United States, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490; Abbate v. United States, 359 U.S. 187, 196, 79 S.Ct. 666, 3 L.Ed.2d 729, and In re Nielsen, 131 U.S. 176, 190, 9 S.Ct. 672, 33 L.Ed. 118.

In Marakar, the Court of Appeals (3rd Cir.), 300 F.2d 513, held that the plea of double jeopardy was no defense to a charge based on substantive violations where defendant had in a former prosecution been convicted of a conspiracy. The Supreme Court (370 U.S. 723, 82 S.Ct.

1573) allowed certiorari with the following order:

> "On motion of the Solicitor General and upon an examination of the entire record, the petitions for writs of certiorari are granted, the judgments are vacated, and the causes are remanded to the United States District Court for the District of New Jersey with directions to dismiss the indictments."

This order obviously does not reject the reasoning of the Court of Appeals; neither does it constitute a confession of error on the part of the Solicitor General, as argued. In fact, the record shows to the contrary. In his response to the petition for certiorari, after setting forth the facts the Solicitor General concludes:

> "We agree with the court of appeals that the convictions are legally valid. However, in the government's motion to vacate the judgment and dismiss the indictment in Petite, it was stated that it 'has generally been the policy of the Federal Government that several offenses arising out of a single transaction should be alleged and tried together and should not be made the basis of multiple prosecutions, a policy dictated by considerations both of fairness to defendants and of efficient and orderly law enforcement'."

In Petite, the situation was substantially the same as in Marakar. The Court of Appeals (4th Cir.), 262 F.2d 788, denied the defense of double jeopardy, the Supreme Court allowed certiorari (361 U.S. 529, 80 S.Ct. 450) and remanded the case to the Court of Appeals "to vacate its judgment and to dismiss the indictment." In this case, as later in Marakar, the Solicitor General advised the Court that it was the policy of the Department of Justice to oppose a successive prosecution under the facts of the case. In doing so, he expressly stated that he agreed with the well reasoned opinion of the Court below which had held that there was no double jeopardy.

In Abbate, the Court held that a Federal prosecution was not barred under the Double Jeopardy Clause because of defendants' prior convictions in a State Court. Mr. Justice Brennan, who had written the opinion for the Court, filed a separate opinion in which he discussed the unfairness to the defendant and the dangers inherent in a second prosecution stemming from the same course of general conduct as that shown in a previous prosecution.

■ Even though there be merit in the reasoning of Justice Brennan, we must decline defendant's urging to accept and apply it to this case. In the first place, to do so would nullify the settled principle that substantive and conspiratorial acts are separate and distinct offenses. Secondly, it deviates so markedly from a long line of Supreme Court opinions that we see no justification for treating it as a precedent. Defendant also suggests that the policy of the Solicitor General, given effect in Marakar and Petite, should be applied to the instant situation. Assuming that the Department of Justice still has such a policy, of which we are not advised, it would be for that Department and not this Court to state when and under what circumstances it should be given effect.

In Nielsen, the Supreme Court, as have many of the courts subsequently, gave great weight to and quoted at length from Morey v. Commonwealth, 108 Mass. 433. We have heretofore quoted from Morey in connection with Carter, and the principle there stated was recognized as valid in Nielsen. While the Court in Nielsen sustained the plea of double jeopardy, it did so on the basis of its conclusion that the facts of the case did not bring it within the rationale of Morey. To apply the result in Nielsen to the instant case would be to ignore the rule that the offenses charged in the first case are separate and distinct from that charged in the second case.

Defendant suggests that there is no judicial authority which justifies the second prosecution. We call attention to United States v. Kramer, 289 F.2d 909

(2d Cir.), not cited by either party but cited with approval in United States v. Marakar, 300 F.2d 513, 515, and which is much in point. As to the factual situation, it is sufficient to state that the defendant was charged and tried on substantive offenses in a United States District Court in Connecticut and subsequently indicted and tried with others for conspiracy in a United States District Court in New York. The substantive offenses charged in the first prosecution related to two post office burglaries and the conspiracy charged in the second prosecution related to the same offenses. Double jeopardy was invoked as a defense to the second prosecution, which was denied by the District Court (United States v. Kasmol, 173 F.Supp. 280) and the denial sustained by the Court of Appeals. (The case was reversed on another ground, with which we are not here concerned.) The Court of Appeals first stated the general rule, heretofore discussed, as follows (289 F.2d page 913):

"Offenses are not the same for purposes of the double jeopardy clause simply because they arise out of the same general course of criminal conduct; they are the 'same' only when 'the evidence required to support a conviction upon one of them [the indictments] would have been sufficient to warrant a conviction upon the other.' "

Among the cases cited in support of this statement were Morey v. Commonwealth, 108 Mass. 433, 434, and Ex parte Nielsen, 131 U.S. 176, 187, 9 S.Ct. 672. In applying this rule to the facts of the case, the Court on the same page stated:

"Here the gist of the offenses charged in the first three counts of the indictment in the Eastern District was an agreement, an element not required to be proved to convict on the substantive charges in Connecticut. Hence the prior acquittal of the substantive offenses did not make prosecution for the unlawful agreement double jeopardy, even though the Government had offered evidence of

such an agreement in the Connecticut trial."

The sole factual distinction between Kramer and the case at bar is that in the former the defendant in the first prosecution was acquitted on the substantive counts, while here, he was convicted. In our judgment, this distinction is irrelevant as it relates to the double jeopardy defense. However, if it makes any difference, we think it would be in favor of a defendant acquitted rather than one convicted in the first prosecution.

In conclusion, the Court desires to express its appreciation for the meritorious service rendered by Mr. Ware Adams as Court-appointed counsel.

The judgment appealed from is

Affirmed.