**UNITED STATES of America, Appellee,**

v.

**Allen Wilson GILLS, Appellant.**

**No. 9977.**

United States Court of Appeals Fourth Circuit.

Argued Dec. 6, 1965.

Decided March 2, 1966.

Certiorari Denied May 2, 1966.

See 86 S.Ct. 1448.

**300**

Paul M. Shuford and T. Wilson Hotze, Jr., Richmond, Va. (Joseph S. Bambacus, Richmond, Va., on brief), for appellant.

William H. Murdock, U. S. Atty. (H. Marshall Simpson, Asst. U. S. Atty. M. D. N. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BRYAN, Circuit Judge, and MAXWELL, District Judge.

MAXWELL, District Judge:

Appellant seeks a reversal in this Court of his conviction in March, 1965, before the District Court for the Middle District of North Carolina. Appellant was tried on a two count indictment charging violations of the Internal Revenue laws relating to the possession, removal, concealment and transportation of nontaxpaid whiskey. Motions to dismiss the indictment and suppress evidence were filed. Appellant entered a plea of not guilty and executed a waiver of trial by jury, in the presence of his counsel, the United States Attorney and the District Court Judge, dated March 22, 1965.

The District Court denied Appellant's motions and found him guilty on both counts of the indictment. In judgment, the District Court sentenced Appellant to a term of twelve months in the custody of the Attorney General and ordered a fine in the amount of twelve hundred dollars.

The indictment in the case under consideration charges the Appellant with violations of Title 26 U.S.C. §§ 5601(a)–(12), 5205(a) (2) and 5604(a) (1).

The evidence before the District Court discloses that on December 2, 1964, because of ice and snow conditions on the Blue Ridge Parkway in the Cumberland Knob section of Allegheny County, North Carolina, the park service had closed this section of the highway to traffic, with appropriate signs and blinking lights to notify the public. It was brought out, in the testimony, that there was a small amount of traffic on the parkway, nevertheless.

Appellant's automobile, by general description, was a suspected earlier violator of the no traffic, closed highway regulation.

Thereafter, park rangers saw the suspected car pass their position along the parkway, and two park rangers in their autormble and a North Carolina state policeman in his automobile gave pursuit. The two park rangers, thinking that the violating automobile may have turned off on a state route, exited from

the parkway, while the state policeman continued on the parkway and subsequently overtook Appellant in his automobile.

Before the District Court, the state policeman testified that when the Appellant rolled down the window of his car he could smell the strong odor of "alcoholic beverages" but was unable to see any alcoholic beverage in the vehicle. Appellant at that time was asked if he had anything in the trunk of his car and replied in the negative, and upon inquiry indicated that he did not mind opening the trunk, furnishing a key to the state policeman. They were unsuccessful in the use of the furnished key in opening the car trunk. Appellant told the state policeman that he had no other key.

At this time the two park rangers drove up, and upon seeing them, the Appellant fled down the mountain side into the woods through ice and snow. The park rangers gave pursuit, chasing him for approximately one-half mile before apprehending him. Appellant was placed under arrest by the rangers and searched. The search produced, among other things, a ring of keys, and upon returning to where the cars were parked, the rangers also detected the strong odor of alcohol from Appellant's automobile.

A key from the key ring taken from Appellant was found to be the proper key to open the trunk to Appellant's automobile. Inside the trunk was found a large quantity of nontaxpaid whiskey, contained in half gallon fruit jars, individually wrapped in brown paper bags. More careful investigation, at a subsequent time, disclosed that one of the glass containers had broken, spilling the contents over a considerable area of Appellant's automobile trunk and a portion of the remaining contents of the trunk.

Appellant, before the United States Commissioners, was charged with driving on a closed parkway, 36 C.F.R. 1.18, a petty offense of which the United States Commissioner subsequently, after a plea of not guilty, found him guilty. Appellant was also charged with commercial hauling on the parkway under 36 C.F.R. 1.37, to which the Appellant, before the United States Commissioner, entered a plea of not guilty. He was found not guilty by the United States Commissioner. The Commissioner was of the opinion that there was probable cause as to the Internal Revenue laws relating to nontaxpaid whiskey and Appellant was held to answer the grand jury for the Middle District of North Carolina.

Appellant before this Court assigns two grounds. First, the prosecution of the Title 26 offenses, contained in the indictment before this Court, following the prior trial of Appellant before the United States Commissioner for the petty offense of commercial hauling, improperly places the Appellant twice in jeopardy for the same offense, within the meaning of the Fifth Amendment's double jeopardy clause; and second, under the Fourth Amendment, forbidding unlawful searches and seizures, there was not sufficient probable cause to justify the officers searching the trunk of Appellant's automobile.

After a careful review of the record from the trial court and the application of pertinent law, this Court rejects Appellant's contentions of error and affirms the judgment of the trial court.

As to the Fifth Amendment issue raised by Appellant, this Court is guided by the decision in McGann v. United States, 261 F.2d 956 (4th Cir. 1958), where this Court earlier held, at page 958:

"But it is an elementary proposition of law that a single act can subject the actor to punishment under two statutes." (Cited cases omitted).

"It is settled that two indictments arising from the same act do not charge the same crime if each indictment requires proof of a fact not essential to the other." (Case citations omitted).

Also presented, in support of the Court's determination of the immediate case, is the decision in Gore v. United

States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); and Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505 (1927); and United States v. Jones, 334 F.2d 809 (7th Cir. 1964).

The Appellant relies strongly on Ex parte Nielsen, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889), and the separate opinion of Mr. Justice Brennan in Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959).

■ The main thrust of Appellant's contention before this Court is that the double jeopardy provision of the Fifth Amendment prohibits successive prosecutions. This Court holds that the United States in this prosecution used simultaneous and not successive prosecutions, involving separate and distinguishable offenses. Therefore, this case is not covered by the principles advocated by Appellant.

There is a further interesting sidelight to this case, arising from Appellant's trial before the United States Commissioner, upon the charge of commercial hauling on the parkway. Title 18 U.S.C. § 3401(b) provides:

"Any person charged with a petty offense may elect, however, to be tried in the district court of the United States. The commissioner shall apprise the defendant of his right to make such election and shall not proceed to try the case unless the defendant after being so apprised, signs a written consent to be tried before the commissioner."

Section 3402 of the same Title provides a right of appeal from the judgment of the commissioner to the district court in the district in which the offense was committed. Rule 3 of the Rules for Trial of Petty Offenses before United States Commissioners requires: "The commissioner's proceedings shall be entered in his docket, which shall show: (1) The defendant's written consent to be tried before the commissioner; * * *." Rule 4 establishes the mechanics for the taking of an appeal after entry of judgment of conviction before the Commissioner.

■ The record in this case does not reflect this phase of Appellant's difficulties, the basis of his Fifth Amendment claim before this Court. In the absence of a complaint by Appellant, that the petty offense statute and rules were violated, and there being nothing in the record to demonstrate that the United States Commissioner in this instance failed to observe the directives of the statutes and rules in the handling of the matters before him, this Court will not presume that the Commissioner's actions were other than in keeping with the requirements.

As to the remaining ground raised by Appellant, namely, that there was not probable cause for the search of the trunk of Appellant's automobile, this Court holds that this search was a lawful search. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Davis v. United States, 328 U.S. 582, 66 S.Ct. 1256, 90 L.Ed. 1453 (1946); Go-Bart Importing Company v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374 (1931); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L. Ed.2d 327 (1959); Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629 (1931).

■ This Court holds that the "strong odor of alcoholic beverages," detected by the two park rangers and state policemen on two separate occasions, the deceptive efforts of Appellant to prevent access by the highway patrolmen to the trunk of his automobile by tendering the wrong key, while retaining the correct trunk key in his pocket, and the subsequent flight by Appellant down a rugged mountain side for approximately one-half mile through admittedly inclement and adverse weather conditions, the chase lasting until being overtaken by the park rangers, constitute a totality of facts and circumstances which, under the de-

cisions referred to above, create in the opinion of this Court, probable cause for the search complained of by Appellant.

For the reasons assigned and stated, the judgment of the district court is affirmed.

Affirmed.