**UNITED STATES of America,
Appellee,**

v.

**Clarence James SUTTON, Appellant.**

**No. 10471.**

United States Court of Appeals
Fourth Circuit.

Argued June 21, 1966.

Decided July 20, 1966.

David R. Eaton, Baltimore, Md. (Court-appointed counsel) for appellant.

Paul N. Rosenberg, Asst. U. S. Atty. (Thomas J. Kenney, U. S. Atty.), for appellee.

Before HAYNSWORTH, Chief Judge, SOBELOFF, Circuit Judge, and LEWIS, District Judge.

PER CURIAM:

We find no violation of the Fifth Amendment's double jeopardy clause in the defendant's conviction of interstate transportation of falsely made securities after his acquittal in a state court of charges of having stolen and received the same securities.

The defendant was charged in Maryland with having stolen and received a large number of blank money orders. Upon completion of the State's case, there was a directed verdict of acquittal for Sutton.

Later, the defendant was indicted upon a charge of interstate transportation with fraudulent intent of falsely made securities in violation of 18 U.S.C.A. §

2314. The four money orders were among those he had previously been charged with having stolen in the State's prosecution. The money orders involved in the federal prosecution had been signed by the defendant as maker. The amounts had been filled in; they had apparently been authenticated and they had been made payable to relatives of the defendant. Sutton placed them in the mail two days after the date upon which the State had charged him with having received them.

The federal crime of which the defendant was convicted is altogether different from the state crime of which he had previously been acquitted. The violation of the state statute against receiving stolen goods known to have been stolen was accomplished two days before the defendant did anything in violation of the federal statute. In the state case, he was charged with the receipt of stolen goods and with knowledge of their stolen character. In the federal case, he was charged with subsequent interstate transportation of falsely made securities, knowing them to have been falsely made. Fraudulent intent is the only common element of the crimes, and that is a common element of substantially all possessory crimes.

The interests of the two sovereignties were different and distinct, and the proof required for conviction on the federal charge was different in almost all its elements from proof which would have been sufficient to convict on the earlier state charge.

Whether, under some circumstances, there may not be successive federal prosecutions for precisely the same act under statutes designed to serve the same or similar interests, it is well-established that there is no violation of any constitutional right in successive prosecutions under these circumstances.*

Affirmed.

* United States v. Lanza, 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314; Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; United States v. Gills, 4 Cir., 357 F.2d 299; McGann v. United States, 4 Cir., 261 F.2d 956; and see Bartkus v. People of State of Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684, and Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729.