Ray Kelly LEM, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 20, 1967.

John C. Bondurant, Hickman, for appellant.

Robert Matthews, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Judge.

The appellant, Ray Kelly Lem, was convicted of armed robbery of the sheriff of Fulton County and sentenced to life imprisonment. On this appeal he raises two questions:

(1) Does conviction upon federal charges of interstate transportation of a stolen automobile (U.S.C. Title 18, Section 2312) and sentence imposed in keeping with the penalty provided for such conviction, work as a bar to state prosecution for an independent criminal act, to-wit, armed robbery?

(2) Is an instruction on robbery—as distinguished from armed robbery—mandatory when all evidence disclosed that the victim was rendered helpless at gun point, thereafter being bound and tied by his assailant and then robbed of his possessions?

On the day of the crime, the sheriff received a request to investigate a disturbance and in responding to it he and his deputy found no disturbance but did happen upon an automobile in which the appellant and two other persons were passengers. The sheriff believed this automobile to be one which had been stolen. The officers stopped the vehicle and asked the driver of it, James Pinion, alias Bobby Joe Jones, for his license or other indicia of ownership. Pinion could not produce any such document and thereupon, the sheriff left the vehicle and walked to his police car to obtain his citation book while his deputy stood by the automobile. As the sheriff stood by his police car in the process of writing a citation, he was given an order by one of the occupants of the automobile, which one he did not know, to "freeze", and was told that if he did not do so his deputy would be shot. The sheriff then saw that the driver of the automobile had alighted and had placed himself in a position behind the deputy and was holding the deputy at gun point. A second occupant of the automobile, one Evelyn Haws Lem, was also standing by the automobile with a pistol which was pointed midway between the sheriff and the deputy. The appellant removed the deputy's gun, advanced on the sheriff and took the sheriff's gun from the hold of the police car where it had been placed by that officer in keeping with his assailant's directions. The sheriff and his deputy were then forced at gun point back into their automobile by Pinion. The two vehicles, one occupied by the sheriff and his deputy and operated by the sheriff at Pinion's gun point, and the stolen automobile, occupied by appellant and Evelyn Haws Lem, were then driven to a farm where a deserted barn was located.

Upon arrival, the sheriff at gun point turned over to Pinion the keys to the police car. Pinion then obtained from the trunk of the sheriff's car a pair of handcuffs and another revolver. While Pinion obtained the handcuffs, the appellant and Evelyn Haws Lem held the sheriff and his deputy at gun point. The trio then forced the sheriff and his deputy into the barn where the sheriff was handcuffed to a post and the deputy was bound by rope to another post. While Pinion was tying up the deputy, the appellant and his female companion robbed the sheriff of his personal effects. The property taken from the sheriff consisted of $90.00 in cash, a watch and a pocket knife. Thereafter, other property belonging to the sheriff was removed from his car by the trio.

Appellant's first contention presents to this court a rather novel theory. It is maintained that the federal judge, prior to imposing sentence upon the appellant, after his plea of guilty, for his federal criminal act of interstate transportation of a stolen automobile, (U.S.C. Title 18, Section 2312), examined and took into consideration the state charge then pending in this state court against the appellant, namely, armed robbery. Upon this assumption appellant maintains he has been previously tried and convicted by the federal courts for the state criminal acts. There is no contention made that the federal courts did not have jurisdiction to try the appellant on the federal charges, or that the federal judge did not have the power and authority to impose the sentence rendered which was the maximum sentence allowable.

There is no relationship between the federal and state charges for which appellant was convicted. Each required entirely different evidence to sustain it. This is so factually obvious that it is unnecessary to discuss instances where the same criminal act is a violation of both state and federal law, but even then the plea of double jeopardy is not available. United States v. Mandile (D.C.N.Y., 1954) 119 F.Supp. 266; Ferina v. United States (8th Circuit, 1965), 340 F.2d 837; cert. denied 381 U.S. 902, 85 S.Ct. 1446, 14 L.Ed.2d 284; United States v. Sutton (D.C.Md., 1965) 245 F. Supp. 357, affirmed 363 F.2d 845 (1966).

On the second point raised by the appellant—that he was entitled to an instruction on "robbery" as distinguished from "armed robbery" because no gun was pointed at the sheriff at the time his property actually was taken—that the gun was pointed at him only until he was securely hitched to the post, we can only observe that the appellant's course of criminal conduct was a continuous act so far as the law is concerned. If the appellant's logical contention were legally sustainable, a well-informed bandit could point his gun at his victim and say politely, "Please place your wallet on the table for me so that I may be relieved of the consequences of forcibly taking it," and after the victim had acceded to the polite request, the punishable stick-up would become merely an enjoyable pick-up for the courteous criminal.

The judgment is affirmed.

All concur.