DECISION
Appellant, James H. Bartley, appeals from a judgment of the Franklin County Court of Common Pleas and sets forth the following assignments of error:
 I. IT WAS A VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE US AND STATE CONSTITUTIONS TO BOTH USE THE "PRIOR OFFENSE" OF RESISTING ARREST TO JUSTIFY THE SENTENCE ON AN ASSAULT THAT WAS BASED ON 100% OF THE SAME EXACT FACTS AS THAT CONVICTION AND TO SUSTAIN A SECOND CONVICTION FOR THE SAME ACTION.
 II. COUNSEL FOR DEFENDANT PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL.
 III. THE DEFENDANTS [sic] GUILTY PLEAS WAS [sic] NOT KNOWINGLY AND VOLUNTARILY ENTERED INTO.
 IV. THE LOWER COURT FAILED TO PROPERLY CONSIDER AND APPLY THE SENATE BILL TWO SENTENCING GUIDELINES.
Our review in this matter is hampered by the very limited record before this court. The only facts in the record are those provided by the state prior to appellant's guilty plea to two counts of felonious assault. The record of the proceedings in the Franklin County Municipal Court is not before us.[1]
Appellant was arrested for disorderly conduct based on a disturbance he created at the emergency room at Doctor's Hospital West. While deputies were attempting to handcuff appellant, he pushed Deputy Patricia Johnson against a cement and brick pillar and struck Deputy Dana Kitchen in the left arm. Deputy Johnson suffered a broken hip as a result of striking the pillar.
The parties apparently agree that, on February 19, 2000, appellant was charged with two misdemeanor charges of assault, resisting arrest and disorderly conduct in the Franklin County Municipal Court. On February 28, 2000, appellant was indicted by the Franklin County Grand Jury on two counts of felonious assault against Deputy Patricia Johnson and one count of felonious assault against Deputy Dana Kitchen, and the assault charges in municipal court were dismissed. On March 14, 2000, appellant entered a plea of no contest in municipal court and was found guilty. Appellant alleges he pled guilty to resisting arrest and the disorderly conduct charge was dismissed. The state argues he was found guilty of disorderly conduct and the charge of resisting arrest was dismissed. Inasmuch as the state concedes in response to appellant's first and fourth assignments of error that he was never convicted of resisting arrest, it appears the state's version of what transpired in municipal court is correct.
On September 5, 2000, appellant entered a plea of guilty to a stipulated lesser offense of felonious assault, a felony of the second degree, as to Deputy Johnson and felonious assault, a felony of the fourth degree, as to Deputy Kitchen. Appellant was sentenced to four years for the second-degree felonious assault and eleven months for the fourth-degree felonious assault. The judgment entry provided the sentences were to be served consecutively.
In his first assignment of error, appellant argues that, because of his guilty plea in municipal court, his convictions for felonious assault are barred by the double jeopardy provisions in the United States and Ohio Constitutions because both offenses arose from the same course of conduct. Contrary to the assertions of appellee, a plea of guilty does not waive appellant's right to challenge his conviction under the double jeopardy clause of the Fifth Amendment. Menna v. New York (1975),423 U.S. 61. The Fifth Amendment to the United States Constitution provides in part:
 * * * [N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb * * *.
Section 10, Article I, of the Ohio Constitution provides in part:
 * * * No person shall be twice put in jeopardy for the same offense.
The Fifth Amendment guarantee against double jeopardy provides three separate constitutional protections: protection for a second prosecution for the same offense after acquittal, protection against a second prosecution for the same offense after conviction and protection against multiple punishments for the same offense. North Carolina v. Pearce (1969), 395 U.S. 711, overruled in part on other grounds, Alabama v. Smith (1989), 490 U.S. 794. Ohio courts have traditionally treated the protections provided by the Double Jeopardy Clauses of both the United States and Ohio Constitutions as co-extensive. State v. Gustafson (1996), 76 Ohio St.3d 425.
In determining whether a second conviction is barred by the double jeopardy provisions of the United States and Ohio Constitutions, we must apply the test set forth in Blockburger v. United States (1932),284 U.S. 299, which held that, where the same act constitutes violations of two distinct statutory provisions, the test to determine whether there are two offenses or only one is whether each provision requires proof of an element or fact that the other does not. See State v. Tolbert (1991), 60 Ohio St.3d 89.
Appellant was indicted for and pled guilty to felonious assault. R.C.2903.11(A)(1) provides:
(A) No person shall knowingly:
 (1) Cause serious physical harm to another or to another's unborn;
 (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.
Assuming appellant was charged with and found guilty of persistent disorderly conduct, R.C. 2917.11(B)(2) provides:
 (B) No person, while voluntarily intoxicated, shall do either of the following:
* * *
 (2) Engage in conduct or create a condition that presents a risk of physical harm to the offender or another, or to the property of another.
Thus, each offense for which appellant was charged and for which he was found guilty contain an element that the other does not. Voluntary intoxication must be shown to prove disorderly conduct and felonious assault does not require such proof. Felonious assault requires proof of knowingly causing serious physical harm or causing physical harm by means of a deadly weapon, elements which are not required to prove disorderly conduct. Therefore, based on the application of Blockburger, the state is not precluded from prosecuting appellant for both disorderly conduct and felonious assault.
Assuming appellant was found guilty of resisting arrest, R.C. 2921.33
provides:
 (A) No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another.
 (B) No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another person and, during the course of or as a result of the resistance or interference, cause physical harm to a law enforcement officer.
 (C) No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another person if either of the following applies:
 (1) The offender, during the course of or as a result of the resistance or interference, recklessly causes physical harm to a law enforcement officer by means of a deadly weapon;
 (2) The offender, during the course of the resistance or interference, brandishes a deadly weapon.
Resisting arrest requires proof of an element which felonious assault does not, that is resisting or interfering with a lawful arrest. Thus, if appellant was found guilty of resisting arrest, the prohibitions against double jeopardy do not bar his prosecution and conviction for felonious assault.
Appellant also argues that the prosecution and conviction for felonious assault were barred based on collateral estoppel. In State v. Thomas (1980), 61 Ohio St.2d 254, paragraph four of the syllabus, overruled on other grounds by State v. Crago (1990), 53 Ohio St.3d 243, the court held:
 Even though the same act or transaction may constitute a violation of two distinct statutory provisions and would permit the imposition of multiple sentences, successive prosecutions will be barred in certain circumstances where the second prosecution requires the relitigation of factual issues already resolved by the first. (See Ashe v. Swenson, 397 U.S. 436, and Nielsen, Petitioner, 131 U.S. 176.)
As stated above, review in this matter is limited by the scant record before us. Appellant has not provided a transcript of the proceedings in the municipal court and, thus, we do not have the facts upon which appellant was found guilty, following a plea of no contest, of disorderly conduct or resisting arrest nor has appellant provided a statement of the evidence pursuant to App.R. 9(C).
In Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148, the court held that the explanation of circumstances to sustain a finding of guilty following a plea of no contest must be part of the record. We are unable to determine whether the court relied on the documentary evidence before it or additional facts were presented by the state. Thus, appellant has failed, as required by Thomas, to show the facts resolved in the finding of guilty following his no contest plea to disorderly conduct or resisting arrest were the same facts that were at issue in the felonious assault charges.
Last, appellant argues that the trial court used a second arrest or conviction for resisting arrest to increase his sentences in the felonious assaults when such an arrest or conviction does not exist. As discussed more fully in the fourth assignment of error, the trial court apparently was in error as to the extent of appellant's record. Given this error, as well as other errors that require appellant to be re-sentenced, this issue is moot. Appellant's first assignment of error is overruled.
Appellant's second and third assignments of error are related and will be addressed together. In these assignments of error, appellant argues that he was denied the effective assistance of counsel and his plea was not knowingly, voluntarily and intelligently made.
Appellant has the burden of proving ineffective assistance of counsel. State v. Smith (1981), 3 Ohio App.3d 115. In State v. Smith (1985),17 Ohio St.3d 98, the Ohio Supreme Court adopted the two-prong analysis espoused in Strickland v. Washington (1984), 466 U.S. 668, for determining whether counsel's assistance was so defective as to require reversal of a conviction. In Strickland, at 687, the court held:
 A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. * * *
See, also, State v. Hester (1976), 45 Ohio St.2d 71.
To demonstrate ineffective assistance of counsel, appellant must show that the representation provided by his counsel fell below an objective standard of reasonableness and that, as a result, there is the reasonable probability that, but for such unprofessional errors, the result of the trial would have been different. State v. Lytle (1976), 48 Ohio St.2d 391, vacated in part on other grounds, Lytle v. Ohio (1978), 438 U.S. 910.
Strickland applies to the process of a defendant entering a guilty plea but, within that context, the element of prejudice focuses on whether the attorney's constitutionally ineffective performance affected the outcome of the plea process. Hill v. Lockhart (1985), 474 U.S. 52. A plea of guilty waives the right to claim ineffective assistance of counsel, except to the extent the defects complained of caused the plea to be less than voluntarily or knowingly made. State v. Spates (1992),64 Ohio St.3d 269.
Appellant must show that, but for the errors complained of, he would not have entered a plea of guilty but would have gone to trial. Appellant argues his trial counsel was ineffective in four respects as to his representation. First, that he did not file a motion to dismiss based on double jeopardy; second, that he urged appellant to plead guilty to an offense not supported by the facts; third, he misrepresented the possible sentence; and, fourth, he failed to correct errors by the trial court in sentencing.
As discussed in the first assignment of error, appellant's argument as to double jeopardy was without merit and counsel may not be deemed ineffective for failing to file a meritless motion.
Appellant next argues he should not have been convinced to plead guilty because the facts were insufficient to support a charge of assault as a second-degree felony. Appellant contends he merely pushed Deputy Johnson and the fact that she hit a pillar with sufficient force to break her hip was, at worst, reckless or, at best, an accident. Appellant's discussions with his trial counsel as to the strength of the state's evidence and the merits of appellant's defense are not part of the record. As a general rule, such decisions would fall within the realm of trial strategy. The prosecutor first presented the facts underlying the charge against Deputy Johnson and only afterwards did appellant admit to his guilt of this offense. It was only at the sentencing hearing that appellant stated he accidentally pushed Deputy Johnson. Appellant did not ask to withdraw his guilty plea. Appellant's contention that the assault was not knowingly committed is belied by his answers to the court's questions when entering his guilty plea.
Likewise, there is no indication in the transcript before us as to any representations appellant's counsel may have made as to a possible sentence to be imposed. In response to a direct question, appellant stated no promises had been made to him as to sentencing. To the extent appellant has any remedy, it must be addressed through a motion for post-conviction relief.
As discussed more fully in the fourth assignment of error, counsel admittedly failed to address errors made by the trial court in sentencing; however, these errors, made after the plea of guilty was entered, could have had no impact on appellant's decision whether to plead or to proceed with the trial.
A review of the transcript shows the trial court fully complied with Crim.R. 11(C), and, based on the record, we find appellant's counsel was not ineffective and his plea was voluntarily, intelligently and knowingly made. Appellant's second and third assignments of error are overruled.
In his fourth assignment of error, appellant argues and the state concedes that the trial court erred in sentencing. The trial court failed to make the findings required by R.C. 2929.14(E)(4) and State v. Edmonson (1999), 86 Ohio St.3d 324, before imposing consecutive sentences on appellant. The trial court failed to make the findings required by R.C. 2929.14(B), in order to impose more than the minimum prison term. The trial court also appears to have been under a misunderstanding as to the extent of appellant's record. Last, the court stated at sentencing that the sentences would run concurrently, but the judgment entry provides the sentences are to run consecutively. Appellant's fourth assignment of error is sustained.
Therefore, for the foregoing reasons, appellant's first, second and third assignments of error are overruled, and his conviction is affirmed. Appellant's fourth assignment of error is sustained, his sentences vacated and this matter is remanded to the Franklin County Court of Common Pleas for re-sentencing.
 _______________ BOWMAN, J.
LAZARUS and KENNEDY, JJ., concur.
[1] Appellant has attached to his reply brief copies of two complaints filed against him in the municipal court, as well as an entry, but attaching copies of documents to a brief does not make them part of the record. The entry does not indicate to what charge appellant entered a plea of no contest and what charge was dismissed.